United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN TRANSPORTATION COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MOTOROLA, INC.,<br><br>    Defendant / | No. C-06-2302 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is defendant Motorola, Inc.'s motion, filed May 26, 2006, to dismiss plaintiff Metropolitan Transportation Commission's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied.[1] Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for July 21, 2006, and rules as follows:

---

[1] Defendant did not provide the Court with a chambers copy of its reply, which was electronically filed July 7, 2006. The Court, nonetheless, has considered the filing. For future reference, defendant is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

1. A case or controversy exists, in that the parties disagree as to whether defendant, at the present time, has any obligations under the contract at issue, (see Morgan Decl. Exs. 4, 5), and, in particular, whether defendant has a current obligation to provide security with respect to ongoing work, in the form of a letter of credit in the amount of $3,000,000, (see id. Ex. 6). See Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (holding case or controversy warranting issuance of declaratory relief exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality"). Accordingly, defendant is not entitled to dismissal based on the lack of subject matter jurisdiction.

2. Defendant has not shown plaintiff's claims, as a matter of law, accrued more than four years before the date plaintiff filed the instant action. Accordingly, defendant is not entitled to dismissal based on the statute of limitations.

3. Defendant has not shown plaintiff's claims, as a matter of law, are barred by the general release executed by plaintiff on November 10, 2003. (See Cerney Decl. Ex. A.4.) Accordingly, defendant is not entitled to dismissal based on the general release.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 19, 2006

MAXINE M. CHESNEY
United States District Judge